# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM STEINIGER, | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| D. DREW, Warden, | : | CIVIL ACTION NO. |
|    Respondent. | : | 1:13-CV-2300-TWT-JFK |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND FINAL REPORT AND RECOMMENDATION

Petitioner, William Steiniger, previously confined at the Federal Prison Camp in Atlanta, Georgia, filed this federal habeas corpus petition seeking an order requiring the Federal Bureau of Prisons (BOP) to give him additional time in a halfway house or grant him compassionate release. The matter is before the Court on Petitioner's amended petition, (Doc. 6), Petitioner's motion for release on bond, (Doc. 9), Respondent's response, (Doc. 12), and Petitioner's reply, (Doc. 15).

**I.   Discussion**

In February 2011, Petitioner was convicted in the United States District Court for the District of Arizona and received a forty-two month term of imprisonment for conspiring to defraud the United States and impairing the Internal Revenue Service and for multiple counts of tax evasion. (Doc. 12, Ex. 1, Attach. 2). Petitioner's projected

release date, based on his earning good conduct time, is March 4, 2014. (Id., Ex. 1 ¶ 4). In September 2012, before his transfer to Georgia, Petitioner was housed at a federal correctional facility in Anthony, Texas, where Leticia Wilson, Case Manager at the Texas facility, conducted Petitioner's Residential Reentry Centers (RRC) review. (Id., Ex. 2 ¶ 7). Ms. Wilson conducted an individualized review of Petitioner's case and considered the five factors outlined in 18 U.S.C. § 3621(b), and it was determined that 126 days of RRC placement was sufficient for Petitioner. (Id. ¶¶ 8-9). After Petitioner's January 2013 transfer to Georgia, Michelle Charles, case manager at the United States Penitentiary in Atlanta, Georgia, reviewed Petitioner's release plans and concurred in the 126 day placement. (Id., Ex. 3 ¶¶ 9, 10). In March 2013, Petitioner requested compassionate release under 18 U.S.C. § 3582(c)(1) and that request was denied because he did not meet the medical criteria for such release. (Id. Ex. 3 Attach. 3). Prison records do not show that Petitioner sought administrative review of the RRC decision or the compassionate release decision. (Id., Ex. 1 ¶ 12; Ex. 3 ¶¶ 11, 12).

In his July 2013 habeas corpus petition filed in this Court, Petitioner seeks a court order requiring the BOP to grant him compassionate release or give him two

2

additional months of RRC placement.[1]  (Doc. 6 at 4).  Respondent argues that this action must be dismissed because Petitioner has not exhausted his administrative remedies, because the Court lacks jurisdiction over a request for compassionate release, because an individualized RRC-placement decision is entrusted to the BOP's discretion, and because Petitioner's request is moot in light of the fact that the BOP's individualized RRC review provides him with all of the relief that he is entitled to. (Doc. 12 at 4-14).  In reply, Petitioner stipulates that it is true that he has not exhausted his administrative remedies, which he contends are futile.  (Doc. 15 at 2-3).[2]  At the

---

[1] Petitioner asserts that his record of behavior and compliance entitles him to longer RRC placement.  (Doc. 6 at 2).  The Court notes that the BOP is required to consider a variety of factors and that a prisoner's behavior while in prison does not alone inform a RRC decision.  See 18 U.S.C. §§ 3621(b).

> RRC placement is not meant to be "a reward for good institutional behavior." . . .  Thus, it was sensible for the BOP to conclude that a prisoner who has displayed good behavior, maintains strong family connections, and has access to personal resources would need less assistance reintegrating into the community.  Likewise, it would be reasonable for the BOP to conclude that a long-term inmate with no family connections and limited personal resources would need more time in an RRC to successfully assimilate back into the community.

Crabbe v. Davis, No. 10-cv-00050-REB-MEH, 2010 WL 2998763, at *5 (D. Colo. July 9, 2010) (citation omitted).

[2] In his reply, Petitioner also contends that his medical care is sub par.  (Doc. 15 at 3).  If Petitioner wishes to pursue a civil rights claim based on medical care, he must

3

end of October 2013, Petitioner filed a change of address which shows that he is now housed with Dismas Charities, a re-entry center in Atlanta, Georgia. (Doc. 16).

Absent a motion by the Director of the BOP, a federal court lacks jurisdiction to consider compassionate release. 18 U.S.C. § 3582(c)(1); Cruz-Pagan v. Warden, 486 F. App'x 77, 79 (11th Cir. 2012). Further, federal prisoners seeking habeas relief in regard to prison placement decisions are subject to administrative exhaustion requirements, which are jurisdictional. Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010) (citing Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004), and Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)); see also Galaviz v. Zenk, No. 1:07-cv-0671, 2007 WL 2422047, at *1 (N.D. Ga. Aug. 21, 2007) (Thrash, J.) ("I believe that the Eleventh Circuit case law in close proximity weighs heavily in favor of requiring exhaustion of administrative remedies and that there is no futility exception."). Additionally, when a favorable decision on the merits would afford a petitioner no meaningful relief, his petition is moot and must be dismissed for lack of jurisdiction. See De La Teja v. United States, 321 F.3d 1357, 1362 (11th Cir. 2003)

---

do so in a separately filed civil rights action.

4

(explaining that if the court cannot provide "meaningful relief, then the case becomes moot and must be dismissed" as mootness is jurisdictional).[3]

As a final matter, a federal district court lacks jurisdiction over a challenge to a prisoner's individual placement decision. The BOP is a federal agency to which the Administrative Procedures Act ("APA") applies,[4] and 18 U.S.C. § 3625 precludes judicial review of an individual placement decision by the BOP. 18 U.S.C. § 3625 (dictating that the APA's provisions for judicial review of agency action "do not apply to the making of any determination, decision, or order under" Title 18's provisions governing imprisonment matters); Cook v. Wiley, 208 F.3d 1314, 1319 (11th Cir. 2000) (stating in § 2241 case that § 3625 precludes judicial review of the BOP's adjudicative decisions, although it does not preclude review of the BOP's rule making decisions); see also Standifer v. Ledezma, 653 F.3d 1276, 1279 n.3 (10th Cir. 2011)

---

[3] Although there is an exception to the mootness doctrine, that exception only applies "when (1) there [is] a reasonable expectation or a demonstrated probability that the *same* controversy will recur involving the *same* complaining party, and (2) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration." Soliman v. United States, 296 F.3d 1237, 1242-43 (11th Cir. 2002) (alteration and emphasis in original) (citations and internal quotation marks omitted). There is no indication here that the same controversy will recur for Petitioner.

[4] Under the APA, habeas corpus, if otherwise appropriate, may be used to challenge BOP action. See 5 U.S.C. § 703.

5

("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625." (citation, alteration and internal quotation marks omitted)).

This action must be dismissed for lack of jurisdiction. The BOP has filed no motion pertaining to compassionate release, and the Court lacks authority independently to order compassionate release. Petitioner admits that he has not exhausted his administrative remedies, which deprives the Court of jurisdiction. Jurisdiction also is lacking based on mootness because further judicial relief is unavailable as Petitioner has both received RRC review in accord with § 3621 and has since been released to a re-entry center. And finally, Petitioner does not appear to challenge a BOP rule-making decision but appears to challenge only his individual placement decision, which is not subject to judicial review.

## II. Conclusion

**IT IS RECOMMENDED** that this action be **DISMISSED** for lack of jurisdiction.

**IT IS ORDERED** that Petitioner's motion for release on bond, (Doc. 9), is **DENIED** as moot.

The Clerk of Court is **DIRECTED** to withdraw the referral of this action to the undersigned Magistrate Judge.

**IT IS SO  RECOMMENDED AND DIRECTED** this 16th day of January, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)